IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Maria V.F. Sunga, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:09cv1119 (JCC/TRJ) |
| Rees Broome, P.C., | ) ) ) | |
| Defendant. | ) ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Rees Broome, P.C.'s Motion to Dismiss Plaintiff Maria V.F. Sunga's complaint ("Complaint") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court will grant Defendant's Motion to Dismiss Plaintiff's Complaint.

**I. Background**

This case arises out of a demand letter that Defendant Rees Broome, P.C. ("Defendant" or "Rees Broome") sent to Plaintiff Maria V.F. Sunga ("Plaintiff" or "Sunga") on behalf of Canterbury Square Condominium Unit Owners Association ("Canterbury Square") to collect homeowners' association dues Plaintiff allegedly owed to Canterbury Square. Plaintiff has filed her Complaint under the Fair Debt Collection Practices Act,

1

15 U.S.C. § 1692, *et seq.*, ("FDCPA").

The allegations in the Complaint are as follows. On or about October 6, 2008, Plaintiff received a letter from Defendant seeking to collect delinquent homeowners' association dues owed to Canterbury Square. (Compl. ¶¶ 6-7; Ex. A.) The demand letter stated that Plaintiff owed $ 1335.01 in unpaid assessments and late fees and $225.00 in legal fees - a total of $1,560.01. (Compl. Ex. A.) The statement of account attached to the demand letter shows that Plaintiff failed to pay the required dues from August 1, 2008 to October 3, 2008. (Compl. Ex. A.) This demand letter was the initial communication from Defendant to Plaintiff (Compl. ¶ 8) and the sole basis for Plaintiff's allegations against Defendant as pled in her Complaint. On October 5, 2009, Plaintiff filed her Complaint against Defendant Rees Broome alleging six counts of FDCPA violations. In the Complaint, Plaintiff sought damages in the amount of $25,000.00, including actual and statutory damages, as well as reasonable attorney's fees and costs with pre-judgment interest. On February 18, 2010, Defendant moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed her opposition on March 4, 2010 and Defendant replied on March 11, 2010. Defendant's Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure is before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (citation omitted). In deciding a Rule 12(b)(6) motion to dismiss, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Thus, a court must take "the material allegations of the complaint" as admitted and liberally construe the complaint in favor of a plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citation omitted).

While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted). Indeed, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id*. at 1965. In its recent decision, *Ashcroft v. Iqbal*, 129 S.Ct 1937 (2009), the Supreme Court expanded upon *Twombly* by articulating the two-pronged analytical approach to be followed in any Rule 12(b)(6) test. First, a court must identify and reject legal conclusions unsupported by

factual allegations because they are not entitled to the presumption of truth. *Id.* at 1951. "[B]are assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice. *Id.* (citations omitted). Second, assuming the veracity of "well-pleaded factual allegations", a court must conduct a "context-specific" analysis drawing on "its judicial experience and common sense" and determine whether the factual allegations "plausibly suggest an entitlement to relief." *Id.* at 1950-51. The plausibility standard requires more than a showing of "a sheer possibility that a defendant has acted unlawfully". *Id.* at 1949. In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

### III. Analysis

Plaintiff filed a six-count Complaint alleging various FDCPA violations against Defendant all arising out the demand letter Rees Broome sent her on or about October 6, 2008. The Court will address each count in turn.

A. <u>Count I (Violation of 15 U.S.C. § 1692g(a)(4))</u>

Count I of the Complaint alleges that Defendant violated the "notice of debt" provision of the FDCPA, 15 U.S.C. § 1692g(a)(4), because Defendant failed to send Sunga, either in the initial communication or five days within the initial

4

communication, a written notice containing the statement that Defendant would obtain verification of the debt if Sunga notified Defendant that the debt was disputed.  (Compl. ¶ 10.)

Under 15 U.S.C. § 1692g(a)(4), a debt collector must provide the consumer a written notice containing, *inter alia*, "a statement that if the consumer notifies the debt collector in writing within the thirty-day period of that debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt" in the initial communication or in a written statement within five days of the initial communication.  15 U.S.C. § 1692g(a)(4).

Plaintiff alleges that Defendant's demand letter violated this notice of debt provision under the FDCPA because the demand letter provides Sunga could dispute the debt by notifying Defendant of her *intent* to dispute the debt, instead of actually disputing the debt.  (Compl. ¶ 11.)  Defendant states that it did not violate 15 U.S.C. § 1692g(a)(4) because the language contained the demand letter clearly meets the notice requirement set forth by the FDCPA.  Defendant's demand letter provides in pertinent part:

> Under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq., the current debt will be assumed correct unless you *dispute* the validity of the debt or any portion thereof within thirty (30) days after receipt of this notice.  You *can* dispute this debt in its entirety or any portion of the debt by notifying this office in writing of *your intent to dispute* the debt within thirty (30) days of receiving this letter.  If

5

> this office receives such a notice from you, we will
> temporarily cease collection against you while a
> verification of the debt is obtained . . .

(Compl. Ex. A.) (emphasis added). Defendant submits that Plaintiff's reading of the FDCPA is too narrow and that there is no practical difference between the language required under the FDCPA and the language actually employed in the demand letter. (Def.'s Mem. in Supp. of Mot. to Dis. ("Def.'s Mem.") at 3.)

In the Fourth Circuit, it is well established that the courts apply a "least sophisticated consumer" standard in evaluating the claims of FDCPA violation. *See United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135-36 (4th Cir. 1996). "While protecting naive customers," the "least sophisticated consumer" standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* at 136. With this standard in mind, the Court is guided by the following two principles when determining whether certain language in the initial communication letter violates § 1692g(a)(4): "First, there is no requirement that a debt collector quote the language of § 1692g(a) verbatim. Second, the communications must be examined as whole, not sentence-by-sentence, because the least sophisticated consumer standard does not go so far as to provide solace to the willfully blind or non-observant." *Vitullo v.*

*Mancini*, 2010 WL 331761, *5 (E.D. Va. 2010) (internal citations omitted).

Even though the demand letter uses the words "intent to dispute" instead of the word "dispute," it appears to the Court that the demand letter clearly and effectively conveys Plaintiff her duty to dispute the debt within thirty (30) days after receipt of the notice if she wants it verified. Though the demand letter does not quote the statutory language verbatim, the meaning of the statement is not obscure especially when read as whole. For example, the first sentence of the fourth paragraph of the demand letter clearly advises Plaintiff that she must "dispute" the validity of the debt within thirty (30) days after the receipt of the notice. (Compl. Ex. A.) The following sentence merely says that Plaintiff "can" dispute the debt by notifying Defendant of her intent to dispute it. The Court is convinced that even the least sophisticated consumer reading Defendant's demand letter would understand that he must dispute the debt within thirty (30) days of receipt of the notice to trigger the verification process and that one way to do it is to notify Defendant of her intent to dispute it. Hence, the Court finds that the notice language as contained in the fourth paragraph of the demand letter is not deficient and does not violate § 1692g(a)(4). Accordingly, the Court will grant Defendant's Motion to Dismiss Count I of the Complaint.

### B. Counts II and III (Violations of 15 U.S.C. § 1692e(2)(a))

In Count II of the Complaint, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e(2)(a) because the amount of assessment fees and interest fees specified in the statement of account attached to the demand letter is "false." (Compl. ¶¶ 13-16.) Likewise, Count III of the Complaint alleges that Defendant violated § 1692e(2)(a) because the legal fees specified in the statement of account attached to the demand letter "were not then due in any amount." Defendant submits these counts must be dismissed because Plaintiff does not provide any facts in support of her conclusory allegations that these amounts specified on the statement of debt are false. (Def.'s Mem. 4-5.)

The relevant section of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Plaintiff provides no factual support in the Complaint other than the mere conclusory legal assertions that she believes these amounts are false. The Complaint does not provide any factual support as to why and how the amount included in the statement of account is, in fact, "false," "deceptive" or "misleading." Thus, even accepted as true, Plaintiff's threadbare allegations without any factual support simply do not state a claim to relief. *Iqbal*, 129 S.Ct. at 1949; *Dikun v. Streich*, 369 F.Supp.2d 781, 787 (E.D. Va. 2005) ("In

8

analyzing a motion to dismiss, conclusory allegations regarding the legal effect of the facts alleged need not be accepted.") (internal citation omitted). Accordingly, the Court will grant Defendant's Motion to Dismiss Counts II and III of the Complaint.

C.  Count IV (Violation of 15 U.S.C. § 1692e(8))

Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e(8) when Defendant "threatened to report credit information that Defendant knew or should have known to be false since the amount that Defendant would report to the credit bureaus would be false." (Compl. ¶ 21.)

Section 1692e(8) of the FDCPA prohibits a debt collector from "communicating or threatening to communicate to any person credit information which is *known or which should be known to be false*." 15 U.S.C. § 1692e(8) (emphasis added). The Court finds that Plaintiff's allegations regarding Defendant's threat as set forth in Paragraph 21 of the Complaint is insufficient to state a claim. (Compl. ¶ 21) ("In threatening to report Sunga's allegedly delinquent account to the major credit bureaus, Defendant threatened to report credit information that Defendant knew or should have known to be false since the amount that Defendant would report to the credit bureaus would be false.") Under the express terms of § 1692e(8), Plaintiff must allege sufficient factual allegations supporting the finding that Defendant knew or should have known that the debt amount as

9

stated in the demand letter was false.[1] Nothing in the Complaint provides this Court with factual support for it to draw the reasonable inference that it is liable for the misconduct alleged here. *See Iqbal*, 129 S.Ct. at 1949. Plaintiff has failed to provide any support to adequately state a violation of § 1692e(8) by alleging why she thinks that Defendant knew or should have known that the disputed debt amount was false. Thus, the Court will grant Defendant's Motion to Dismiss Count IV of the Complaint.

D. Counts V and VI (Violations of 15 U.S.C. § 1692f(1))

Plaintiff contends that Defendant violated 15 U.S.C. § 1692f(1) by charging her unpaid assessments, late fees, and legal fees that are neither expressly authorized by the agreement creating the debt nor permitted by law. (Compl. ¶¶ 22-27.) Again, the Court finds that Plaintiff alleged no supporting facts at all in her Complaint to bolster her allegation that these amounts are not authorized by the controlling documents Canterbury Square or permitted by law. Even viewing the allegations of the Complaint in light most favorable to Plaintiff, without more factual allegations in support of her bald assertions and legal conclusions, cannot clear the Rule

---

[1] In light of Plaintiff's deficiency in adequately pleading Defendant's knowledge or a reason to know the falsity of the debt, the Court need not decide whether the language in the demand letter regarding Defendant's option to report Plaintiff's delinquent account to major credit bureaus constitutes a threat.

10

12(b)(6) bar in light of the *Iqbal* standard. Without more facts, the Court is unable to draw on its "judicial experience and common sense" to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. In light of Plaintiff's failure to allege sufficient factual matter that give rise to violations of 15 U.S.C. § 1692f(1), the Court will dismiss Counts V and VI of the Complaint for failure to state a claim upon which relief can be granted.

    E.  Damages

Plaintiff seeks $25,000.00 including actual and statutory damages, as well as attorney's fees, costs and interest in her Complaint. Defendant argues that Plaintiff's claim for damages must be "dismissed" because she is not entitled to recovery of any damages based on her failure to state a claim under the FDCPA. (Def.'s Mem. 8.) Plaintiff in response argues that her prayer for damages is not subject to dismissal at this time. (Pl.'s Brief in Opp. to Def.'s Mot. to Dis. ("Pl.'s Opp." 10.) The Court finds Defendant's argument somewhat unnecessary at this point of litigation. Even though Plaintiff may not ultimately be entitled to what she prayed for based on her failure to state a claim upon which relief can be granted, this does not mean she cannot include a prayer for damages, to the extent that it is not prohibited, in the Complaint. Thus, the Court will not strike Plaintiff's prayer for relief at this time.

## **IV.  Conclusion**

For the foregoing reasons, the Court will grant Defendant Rees Broome's Motion to Dismiss Counts I through VI of the Complaint.

An appropriate Order will issue.


March 18, 2010                                /s/
Alexandria, Virginia                   James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE