IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARIA V. F. SUNGA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 1:09cv1119-JCC/TRJ |
| ) | |
| REES BROOME, P.C., ) | |
| ) | |
| Defendant. ) | |
| ) | |

CONSOLIDATED COMPLAINT

Plaintiff Maria V.F. Sunga ("Sunga"), by her undersigned counsel, brings this action against Defendant Rees Broome, P.C., and for her Consolidated Complaint in this action pursuant to the Court's prior order states as follows without prejudice to any contention that the Court erred in granting the motion to dismiss the original complaint in this action:

1.      This Court has jurisdiction of this case under 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

2.      This amended complaint consolidating all of Plaintiff's claims is submitted without waiving Plaintiff's contention that she is entitled to statutory damages of $1,000 for each the three cases that she previously filed.

3.      Plaintiff Sunga (an individual) is a resident of the City of Alexandria, Virginia, as she was at the time of Defendant's actions as alleged herein.

4.      Defendant is a corporation which purports to operate as a law firm with its office at 8133 Leesburg Pike, Ninth Floor, in Vienna, Virginia.

5.      Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another by consumers to pay money arising out of transactions in which the money, property, insurance, or services which are the subject of the transactions are primarily for personal, family, or household purposes.

6.      Defendant regularly uses the mails and other instrumentalities of interstate commerce in its collection of or attempts to collect debts owed or due or asserted to be owed or due another by consumers.

7.      On or about October 6, 2008, Defendant sent to Sunga a letter of that date, and a true and correct copy of that document is attached hereto as Exhibit A.

8.      At the time that Defendant sent Sunga the letter attached hereto as Exhibit A, Sunga was the owner of a unit in the Canterbury Square Condominium ("Canterbury").

9.      Sunga purchased the unit at the Canterbury for use as her personal residence and subsequently resided there.

10.     The obligations of Sunga as a unit owner at the Canterbury are set forth in the Bylaws of the Canterbury Square Condominium ("Canterbury Bylaws"), and the same are recorded in Book 1064 at Page 90 in the land records of the City of Alexandria.

11.     As a unit owner of a unit at the Canterbury Square Condominium, Sunga had the obligation under the Canterbury Bylaws (beginning at the time she became an owner of the unit) to pay monthly homeowners' association dues and other assessments for her unit as determined by the Canterbury Square Condominium Unit Owners Association ("Canterbury HOA").

12.     The debt that Defendant sought to collect from Sunga through the letter attached as Exhibit A was for a consumer debt in the form of homeowners' association dues and

other amounts as detailed below that Sunga allegedly owed to the Canterbury HOA for the condominium unit that she owned.

13.     The October 6 letter was the initial communication from Defendant to Sunga.

14.     On or about December 18, 2008, Defendant sent to Sunga a warrant in debt for what it later filed on December 22, 2008 as civil action GV08-7987 in the General District Court for the City of Alexandria.

15.     A true and correct copy of pertinent portions of the warrant in debt is attached hereto as Exhibit B.

16.     The debt that Defendant sought to collect from Sunga through the warrant in debt attached as Exhibit B was for a consumer debt in the form of homeowners' association dues and other amounts as detailed below that Sunga allegedly owed to the Canterbury HOA for the condominium unit that she owned.

17.     On or about January 9, 2009, Defendant sent to Worldwide Settlements, which was the settlement agent for the sale of Sunga's condominium unit, a letter stating that $6110.37 was due for assessments and that $1192.50 was due for legal fees from Sunga.

18.     A true and correct copy of that letter is attached hereto as Exhibit C.

19.     After receiving the January 9, 2009 letter, Worldwide Settlements withheld the amounts demanded in the January 9 letter from the proceeds of the sale of Sunga's condominium unit and then paid those amounts to Defendant.

20.     The debt that Defendant sought to collect from Sunga through the warrant in debt attached as Exhibit C was for a consumer debt in the form of homeowners' association dues and other amounts as detailed below that Sunga allegedly owed to the Canterbury HOA for the condominium unit that she owned.

21.     While the amounts that Defendant tried to collect from Plaintiff as alleged herein may seem trivial, the violations as alleged herein have been repeated against thousands of other homeowners from whom Defendant either sought to collect dues and assessments for the Canterbury HOA or sought to collect amounts on behalf of other homeowners' associations.

COUNT I
15 U.S.C. §1692g(a)(4)

22.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 21 as if the same were fully set forth herein.

23.     The allegations of this Count are set forth for the purpose of avoiding any argument on appeal that Plaintiff has abandoned the allegations of this Count I through failure to include them in her amended complaint.

24.     Defendant failed within five days after the October 6 letter to send Sunga a written notice containing the statement that Defendant would obtain verification of the debt if Sunga notified Defendant that the debt was disputed.

25.     Instead, the October 6 letter falsely states that Sunga could dispute the debt by notifying Defendant of her intent to dispute the debt rather than actually disputing the debt.

COUNT II
15 U.S.C. §§ 1692e(2)(a)

26.     Plaintiff incorporates herein by reference the allegations of the preceding
paragraphs 1 through 25 as if the same were fully set forth herein.

27.     In the October 6 letter, Defendant states that the amount of the debt owed is
$1335.01 in unpaid assessments and late fees.

28.     Attached to the October 6 letter is a chart entitled "Full Statement of Account",
and that chart contains the calculation which is the basis for Defendant's assertion that $1,335.01
was due in assessments and late fees.

29.      The chart attached to the October 6 letter states that $2.57 interest was due as of
August 13, 2008.

30.     In fact this statement was false because the Canterbury Bylaws state that interest
on the principal amount unpaid accrues at 8 per cent on the unpaid principal balance, and at that
rate the interest owed as of August 13, 2008 would have been $1.16 on $408.00 (the unpaid
principal balance) - less than half of what Defendant asserted was due.

COUNT III
15 U.S.C. §§ 1692e(2)(a)

31.     Plaintiff incorporates herein by reference the allegations of the preceding
paragraphs 1 through 30 as if the same were fully set forth herein.

32.     The chart attached to the October 6, 2008 letter shows that the sum of $1335.01
that Defendant asserted was due on October 6 included the sum $424.00, which Defendant in the
chart attached to the October 6 letter stated was due on September 1, 2008.

33.     The Canterbury Bylaws provide that the Board of Directors for the Canterbury

HOA sets the monthly homeowners's association dues for each fiscal year, and for the fiscal year

that ran from October 1, 2007 to September 30, 2008, the monthly dues were $408.00.

34.     The statement that $1335.01 was due on October 6, 2008 as well as the statement

in the chart that $424.00 was due on September 1, 2008 were false because the amount due on

September 1, 2008 was actually $408.00, which was the amount that the Canterbury HOA

charged per month during the fiscal year that ended September 30, 2008..

35.     The statement in the warrant in debt and affidavit (Exhibit B) that Plaintiff owed

$6,082.53 and the statement in the Jan. 9, 2009 letter (Exhibit C) that $6,110.37 was due for

assessments and late fees through that date are also false since those amounts included monthly

dues of $424.00 for September 1, 2008, when in fact only $408.00 was due on that date.

COUNT IV
15 U.S.C. §§ 1692e(2)(a)

36.     Plaintiff incorporates herein by reference the allegations of the preceding

paragraphs 1 through 35 as if the same were fully set forth herein.

37.     The chart attached to the October 6, 2008 letter shows that the sum of $1335.01

that Defendant asserted was due on October 6 included the sum $2.84, which Defendant in the

chart attached to the October 6 letter stated was due as interest on September 12, 2008.

38.     The statement that $1335.01 was due on October 6, 2008 as well as the statement

in the chart that $2.84 was due as interest on September 12, 2008 were false because the amount

due on September 12 for interest on the $408 due on September 1 at the rate of 8 per cent interest

was $1.07 - less than half of what Defendant asserted was due on that date.

COUNT V

15 U.S.C. §1692e

39.     Plaintiff incorporates herein by reference the allegations of the preceding

paragraphs 1 through 38 as if the same were fully set forth herein.

40.     The Account Statement attached to the warrant in debt shows that the amount of

$6,082.53 that Defendant asserted was due in the warrant in debt and the affidavit attached

thereto included interest of $2.57 as of August 13, 2008, $2.84 as of September 12, 2008,

October 15, 2008, November 15, 2009, and December 15, 2008.

41.     At 8 per cent interest, the amount due for interest on August 13 on the $408 due

on August 1 was $1.16, on September 12, 2008 on the $408 due on September 1 was $1.07, on

October 15, 2008 on the $424 due on October 1 was $1.39, on November 13, 2008 on the

$424.00 due on November 1 was $1.21, and on December 15, 2008 on the $424.00 due on

December 1, 2008 was $1.39.

42.     The statement in the Account Statement that interest of $2.57 was owed as of

August 13, 2008 and of $2.84 was owed as of September 12, 2008, October 15, 2008, November

15, 2009, and December 15, 2008 were false because, as alleged in the preceding paragraph, the

amount actually due for interest on those dates were less.

43.     The statement in the warrant in debt and affidavit (attached as Exhibit B)  that

Plaintiff owed $6,082.53 and the statement in the Jan. 9, 2009 letter (Exhibit C) that $6,110.37

was due for assessments and late fees through January 31, 2009 was also false since those total

amounts include interest of $2.57 as of August 13, 2008 and of $2.84 as of September 12, 2008,

October 15, 2008, November 15, 2009, and December 15, 2008 when interest in those amounts was not due as of those dates.

COUNT VI

15 U.S.C. §§ 1692e(2)(a)

44.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 43 as if the same were fully set forth herein.

45.     The chart attached to the October 6, 2008 letter shows that the sum of $1335.01 that Defendant asserted was due on October 6 included an attorney turnover fee in the amount of $25.00, which Defendant in the chart attached to the October 6 letter stated was due as of October 3, 2008.

46.     The Account Statement attached to the warrant in debt  (Exhibit B) also states that Plaintiff owed a $25.00 attorney turnover fee as of October 3, 2008.

47.     The statement that Plaintiff owed an attorney turnover fee of $25.00 was false because nowhere in the Canterbury Bylaws is there even any reference to an attorney turnover fee let alone any provision stating that a member of the Canterbury HOA has any obligation to pay the same, and therefore Sunga did not owe any such fee contrary to what is stated in the Account Statement.

48.     The statement in the October 6, 2008 letter that $1335.01 was due on October 6, 2008, the statement in the warrant in debt and affidavit (Exhibit B) that Plaintiff owed $6,082.53, as well as the statement in the January 9, 2009 letter that $6110.37 was due for assessments and late fees through January 31, 2009  were false because nowhere in the Canterbury Bylaws is there even any reference to an attorney turnover fee let alone any provision stating that a member of the Canterbury HOA has any obligation to pay the same, and therefore Sunga did not owe any

such fee contrary to the representation of Defendant.

COUNT VII
15 U.S.C. §§ 1692e(2)(A) & 1692e(2)(B)

49.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 48 as if the same were fully set forth herein.

50.     The October 6 letter asserts that legal fees were then due in the amount of $225.00 and the chart attached to the October 6 letter states that legal fees in that amount were due on October 3, 2008.

51.     The January 9, 2009 letter states that $1192.50 was due at that time for legal fees.

52.     The Canterbury Bylaws provide that legal fees are recoverable by the Canterbury HOA only if it is the prevailing party and only to the extent awarded by the Court.

53.     In fact, the Canterbury HOA has never been the prevailing party in any action involving Sunga and its fees have never been approved by the Court, and therefore Sunga did not owe attorney's fees in any amount as of either October 3 or October 6 in 2008 or January 9, 2009.

54.     Since Sunga did not owe attorney's fees in any amount as of either October 3 or October 6, Defendant's statement that Sunga owed attorney's fees in the amount of $225.00 as of those dates was false.

55.     The statement in the January 9, 2009 letter that $1192.50 was due for legal fees was false since Sunga did not owe any amount in legal fees.

COUNT VIII
15 U.S.C. § 1692f

56.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 55 as if the same were fully set forth herein.

51.     The statement in the January 9, 2009 letter that $1192.50 was due for legal fees represented the collection of an amount neither expressly authorized by the agreement creating the debt nor permitted by law since Plaintiff did not owe the legal fees asserted to be due either under the Canterbury Bylaws or under Virginia law, which contains no provision allowing recovery of attorney's fees when the recovery of such fees would contravene the provisions of the bylaws of the homeowners' association.

COUNT IX
15 U.S.C. §§ 1692e(8)

57.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 56 as if the same were fully set forth herein.

58.     The October 6, 2008 letter also states that "[y]our delinquent account may also be reported to the major credit bureaus for inclusion on your credit report."

59.     According to Defendant, the amount that was due on the delinquent account that it threatened to report to the credit bureaus was $1560.01 as stated in the October 6, 2008 letter.

60.     In threatening to report Sunga's allegedly delinquent account to the major credit bureaus, Defendant threatened to report credit information that Defendant knew or should have known to be false since the amount of $1560.01 that Defendant would report to the credit bureaus would be false for the reasons alleged in the preceding Counts:

-10-

a.      the amount allegedly due included interest in the amount of $2.57 as of August 13, 2008 when the only interest due on that date was $1.16;

b.      the amount allegedly due included a charge of $424.00 as the assessment for September 1, 2008 when only $408.00 was due as an assessment on that date;

c.      the amount allegedly due included interest in the amount of $2.84 as of September 12, 2008 when the only interest due on that date was $1.07;

d.      the amount allegedly due included an attorney turnover fee of $25.00 when that amount was not due under the Canterbury Bylaws; and

e.      the amount allegedly due included attorney's fees of $225.00 when those fees were not payable under the terms of the Canterbury Bylaws.

61.      While Plaintiff believes that the controlling Fourth Circuit precedent (which continues to be applied by District Courts in this district) does not require pleading of evidence in support of what a defendant knew or should have known, the evidence detailed in the following subparagraphs shows that Defendant knew or should have known that what it would report to the credit bureaus would be false:

a.      Simple mathematical calculation would have shown that 8 per cent interest on the sum of $408.00 for 13 days was $1.16 rather than the $2.57 that Defendant stated was due, and accordingly, the statement that $2.57 was due as of August 13 was on its face an obvious mathematical error, and therefore Defendant (which demanded payment of that amount) knew or should have known that the amount was untrue.

-11-

b. Defendant had the Canterbury Bylaws - indeed it had provided them to Plaintiff - and Defendant's employees who attempted to collect debts for the Canterbury HOA had or should have read the Canterbury Bylaws and been aware of the contents of the same since they were attempting to collect what was purportedly due under those bylaws.

c. The Canterbury Bylaws state that the homeowners' association dues were established for each fiscal year (which ran from October 1 to the following September 30) and Defendant knew from the statement of account that the dues for August, 2008 were $408.00; therefore Defendant knew or should have known that the dues for September, 2008, which was in the same fiscal year as August, 2008, were also $408.00.

d. Simple mathematical calculation would have shown that 8 per cent interest on the sum of $408.00 for 12 days was $1.07 rather than the $2.84 that Defendant stated was due, and accordingly, the statement that $2.84 was due as of September 12 was on its face an obvious mathematical error, and therefore Defendant (which demanded payment of that amount) knew or should have known that the amount was untrue.

e. Defendant knew or should have known from its reading of the Canterbury Bylaws that those bylaws contained no mention of an attorney turnover fee or any provision permitting the Canterbury HOA to collect the same, and therefore it knew or should have known that its statement that Sunga owed such a fee was false.

-12-

f.       Defendant knew or should have known from its reading of the Canterbury

Bylaws that those bylaws provide that legal fees are recoverable by the

Canterbury HOA only if it is the prevailing party and only to the extent

awarded by the Court.

g.       Defendant knew or should have known (from the fact that the Canterbury

HOA then had no judgment against Sunga and had never initiated any

legal proceeding against Sunga) that the Canterbury HOA was not the

prevailing party in any action involving Sunga and its fees had never been

approved by the Court and that therefore Sunga did not owe attorney's

fees in any amount.

COUNT X
15 U.S.C. §§ 1692f(1)

62.      Plaintiff incorporates herein by reference the allegations of the preceding

paragraphs 1 through 61 as if the same were fully set forth herein.

63.      Defendant's demand in the October 6 letter for payment of $1,335.01 in unpaid

assessments and late fees represented the collection of an amount neither expressly authorized by

the Canterbury Bylaws (the agreement creating the debt) nor permitted under Virginia law since

it included an assessment allegedly due September 1, 2008 in the amount of $424.00 when the

amount actually due pursuant to the Canterbury Bylaws on that date was $408.00, and no

provision of Virginia law allows collecting an amount for homeowners' association dues in

excess of the amount actually due for homeowners' association dues pursuant to the bylaws of

the homeowners' association.

64.      Defendant's demand in the October 6 letter for payment of $1,335.01 in unpaid

assessments and late fees represented the collection of an amount neither expressly authorized by

the Canterbury Bylaws nor permitted under Virginia law since it included interest allegedly due

on August 13, 2008 and September 12, 2008 in amounts - $2.57 and $2.84 in August and

September of 2008 respectively - which exceeded  exceeding those amounts - $1.16 and $1.07 -

actually due on those dates in August and September 2008 at the rate (8 per cent) provided under

those bylaws, and nothing in Virginia law permits collecting interest on homeowners'

association dues at a rate greater than what is provided in the homeowners' association bylaws.

65.      Defendant's demand in the October 6 letter for payment of $1,335.01 in unpaid

assessments and late fees represented the collection of an amount neither expressly authorized by

the Canterbury Bylaws nor permitted by Virginia law since it included an attorney turnover fee

of $25.00 even though (as previously alleged) recovery of that amount was not permitted under

those bylaws and nothing in Virginia law authorized the collection of such a fee by a

homeowners' association when the bylaws of the association would not allow it.

COUNT XI
15 U.S.C. §§ 1692f(1)

66.      Plaintiff incorporates herein by reference the allegations of the preceding

paragraphs 1 through 65 as if the same were fully set forth herein.

67.      Defendant's demand in the October 6 letter for payment of $225.00 in legal fees

represented collection of an amount neither expressly authorized by the agreement creating the

debt nor permitted by law since no legal fees were due at that time under the Canterbury Bylaws

because the Canterbury HOA was neither the prevailing party in any legal action involving

Plaintiff and the amounts that Defendant collected had not been awarded by any Court, and

nothing in Virginia law permitted collection of attorney's fees when the same would not be

-14-

recoverable by a homeowners' association under the terms of the bylaws of the association.

COUNT
15 U.S.C. §§ 1692f(1)

68.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 67 as if the same were fully set forth herein.

69.     Defendant's demand in the January 9, 2009 letter for payment of $$6,110.37 for unpaid assessments and late fees represented the collection of an amount neither expressly authorized by the Canterbury Bylaws (the agreement creating the debt) nor permitted under Virginia law since it included an assessment allegedly due September 1, 2008 in the amount of $424.00 when the amount actually due pursuant to the Canterbury Bylaws on that date was $408.00, and no provision of Virginia law allows collecting an amount for homeowners' association dues in excess of the amount actually due for homeowners' association dues pursuant to the bylaws of the homeowners' association.

70.     Defendant's demand in the January 9, 2009 letter for payment of $6,110.37 in unpaid assessments and late fees represented the collection of an amount neither expressly authorized by the Canterbury Bylaws nor permitted under Virginia law since it included interest allegedly due in August, September, October, November, and Deember, in amounts which exceeded  exceeding those amounts  actually due on those dates at the rate (8 per cent) provided under those bylaws, and nothing in Virginia law permits collecting interest on homeowners' association dues at a rate greater than what is provided in the homeowners' association bylaws.

## COUNT XIII
### 15 U.S.C. §1692e

71.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 70 as if the same were fully set forth herein.

72.     The statement in the warrant in debt and affidavit that Plaintiff owed interest of 8 per cent on $6,082.53 from August 1, 2008 is false because the amount of $6,082.53 included interest charges on August 13, 2008, September 12, 2008, October 15, 2008, November 13, 2008, and December 15, 2008, but the Canterbury Bylaws only allowed charging interest on the principal amount of a debt, and therefore Plaintiff did not owe interest on the interest charges included in the amount of $6,082.53 that Defendant stated Plaintiff owed.

## COUNT XIV
### 15 U.S.C. §1692f

73.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 72 as if the same were fully set forth herein.

74.     Defendant's filing of a legal action with demand for payment of $6,082.53, when that amount included (1) the amount of $424.00 for monthly dues for September, 2008, when only $408.00 was due, (2) interest in an incorrect amount, and (3) an attorney turnover fee even though those amounts were not due under the Canterbury Bylaws represented the collection of an amount not  expressly authorized by the agreement creating the debt (the Canterbury Bylaws).

75.     Defendant's filing of a legal action with demand for payment of $6,082.53 when that amount included (1) the amount of $424.00 for monthly dues for September, 2008, when only $408.00 was due, (2) interest in an incorrect amount, and (3) an attorney turnover fee even though those amounts were not due under the Canterbury Bylaws represented the collection of

an amount not permitted by law since no provision of Virginia law allows collecting an amount for monthly dues or interest thereon in excess of that due under a homeowners' association bylaws or an attorney turnover fee that a homeowners' association bylaws did not allow.

76.     Defendant's filing of a legal action with demand for payment of interest on $6,082.53 from August 1, 2008 represented the collection of an amount neither expressly authorized by the agreement creating the debt nor permitted by law since the amount of $6,082.53 included interest and the Canterbury Bylaws only allowed charging interest on principal and no provision of Virginia law allows charging interest on interest.

77.     Defendant's filing of a legal action with demand for payment of interest on $6,082.53 from August 1, 2008 when the only amount due then was $406.60 represented the collection of an amount neither expressly authorized by the agreement creating the debt nor permitted by law since the Canterbury Bylaws nowhere permitted charging interest on amounts not due and no provision of Virginia law allows charging interest on amounts not due.

COUNT XV
15 U.S.C. §§ 1692e

78.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 77 as if the same were fully set forth herein.

79.     The warrant in debt falsely states that the homestead exemption cannot be demanded when in fact Plaintiff had the right by statute to claim that exemption as a resident of the Commonwealth of Virginia, and had signed no document waiving her right to that exemption.

## COUNT XVI
### 15 U.S.C. §1692e

80.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 79 as if the same were fully set forth herein.

81.     The statement in the January 9, 2009 letter that $7397.87 was necessary to pay all liens and judgments was false since no judgment had ever been entered against Sunga.

WHEREFORE, Plaintiff prays for damages in the amount of $25,000.00 (twenty five thousand dollars), including statutory damages in the amount of $3,000 (with a $1,000.00 recovery for each of the three actions previously filed) and actual damages, plus her reasonable attorney's fees incurred in this action, together with pre-judgment interest and the costs of this action.

MARIA V.F. SUNGA
By Counsel

/s/Ernest P. Francis
Ernest P. Francis
VSB #27276
ERNEST P. FRANCIS, LTD.
1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
(703) 683-5696
Fax (703) 683-2785
E-mail:  epfrancisltd@verizon.net

Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues herein.


/s/Ernest P. Francis
Ernest P. Francis

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on the 12th day of July, 2010, I will electronically file the foregoing Consolidated Complaint with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robert E. Draim, VSB#18365
Attorney for Rees Broome, P.C.
Hudgins Law Frim
515 King Street, Suite 400
Alexandria, VA  22314
(703) 739-3300
Fax:  (703) 739-3700


/s/Ernest P. Francis
Ernest P. Francis, VSB No. 27276
epfrancisltd@verizon.net
Attorney for Maria Sunga
ERNEST P. FRANCIS, LTD.
1655 North Fort Myer Drive, Suite 700
Arlington, VA 22209
Telephone (703) 683-5696
Facsimile (703) 683-2785

EXHIBIT A

# RB   REES BROOME, PC

——————————ATTORNEYS AT LAW

8133 Leesburg Pike, Ninth Floor
Vienna, Virginia 22182-2706
Direct Line: (703) 356-4812

October 6, 2008

## CERTIFIED MAIL - 7006 3450 0003 6271 7474
## RETURN RECEIPT REQUESTED
## AND FIRST-CLASS MAIL

Maria V F Sunga
3 Fendall Avenue
Alexandria VA 22304

## CERTIFIED MAIL - 7006 3450 0003 6271 7481
## RETURN RECEIPT REQUESTED
## AND FIRST-CLASS MAIL

Maria V F Sunga
5 Canterbury Square, #202
Alexandria VA 22304

> Re:   Canterbury Square Condominium Unit Owners Association
> 5 Canterbury Square, #202, Alexandria VA 22304
> NOTICE OF INTENT TO RECORD LIEN
> RB No.: 3381130.001

Dear Ms. Sunga:

This firm represents Canterbury Square Condominium Unit Owners Association in the collection of your delinquent account. As of the date of this letter, you owe the Association $1335.01 in unpaid assessments and late fees. In addition, the Association is also entitled to seek recovery of its legal fees incurred in this matter. At this time, the Association is claiming legal fees in the amount of $225.00.

As of the date of this letter, therefore, the Association claims that you owe the total amount of **$1560.01.** A statement of account is enclosed for your review.

Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.

Under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, <u>et seq</u>., the current debt will be assumed correct unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of this notice. You can dispute this debt in its entirety or any portion of the debt by notifying this office in writing of your intent to dispute the debt within thirty (30) days of receiving this letter. If this office receives such a notice from you, we will temporarily cease collection against you while a verification of the debt is obtained. This office will mail you a copy of the verification of debt as soon as it is obtained and then resume collection efforts against you, if necessary.

Make checks payable to the association and mail to Rees Broome, PC.
Please include your account number on your check to insure proper credit.

# RB   REES BROOME, PC

————————————————ATTORNEYS AT LAW

Maria V F Sunga
October 6, 2008
Page 2

Unless you dispute this debt or make payment in full within thirty (30) days after you receive this letter, the Association will (1) accelerate your account through the end of the fiscal year and (2) record a lien against your property. Your delinquent account may also be reported to the major credit bureaus for inclusion on your credit report. In addition, the Association may file a lawsuit against you personally in the City of Alexandria General District Court. Please note that the Association reserves the right to take other legal action not mentioned in this letter as allowed by law.

If the Association takes further action to collect the debt, the Association will seek recovery of any additional legal fees incurred.

The Association reserves the power to suspend membership privileges and rights when a member's account is delinquent. If you wish to request a hearing before the Board of Directors regarding the possible suspension of your rights and privileges, please contact us in writing within thirty (30) days of receiving this letter. Otherwise, your membership rights and privileges will be determined by the Board of Directors without your input.

Until you bring your account current, this firm will be handling all communication between you and the Association. Checks or money orders should be made to Canterbury Square Condominium Unit Owners Association, but mailed to my attention at Rees Broome, PC, 8133 Leesburg Pike, 9th Floor, Vienna, Virginia 22182. Please include your property address on your check to ensure proper credit.

You may contact this office for further information by calling Patricia C. Hernandez, paralegal, at (703) 356-4812. If you receive a voicemail greeting, please leave a message and we will make every possible effort to return your call. You may also contact this office by written correspondence to the above address, by fax to (703) 790-7261, or by e-mail to collection@reesbroome.com.

## THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

Sincerely,

REES BROOME, PC

By: Ursula A. Koenig

Enclosure
cc:   Account Manager

K:\03\03381\00130\CORR\081006 Demand letter to Sunga.doc

**FULL STATEMENT OF ACCOUNT**

OWNER: Maria V F Sunga

| DATE | ASSESSMENT | LATE FEE | INTEREST | COSTS | ATTORNEY'S FEES | TOTAL | NARRATIVE |
|------|-----------|----------|----------|-------|-----------------|-------|-----------|
| | | | · | | | (1.40) | Beginning Balance |
| 08/01/08 | 408.00 | | | | | 406.60 | |
| 08/13/08 | | 25.00 | 2.57 | | | 434.17 | |
| 09/01/08 | 424.00 | | | | | 858.17 | |
| 09/12/08 | | 25.00 | 2.84 | | | 886.01 | |
| 10/01/08 | 424.00 | | | | | 1,310.01 | |
| 10/03/08 | 25.00 | | | | | 1,335.01 | Attorney Turnover Fee |
| 10/03/08 | | | | | 225.00 | 1,560.01 | Open file in counsel's office; confirm ownership in land records; prepare detailed statement of account and certified demand letter to owner |
| **TOTAL** | **1,279.60** | **50.00** | **5.41** | **0.00** | **225.00** | **1,560.01** | |

EXHIBIT B

**WARRANT IN DEBT** (CIVIL CLAIM FOR MONEY)
Commonwealth of Virginia    VA. CODE § 16.1-79

City of Alexandria........................................................................ General District Court
CITY OR COUNTY

520 King Street, Alexandria, VA 22314
STREET ADDRESS OF COURT

TO ANY AUTHORIZED OFFICER: You are hereby commanded to summon the Defendant(s).

TO THE DEFENDANT(S): You are summoned to appear before this Court at the above address on

01/23/2009.................1:30 PM...........to answer the Plaintiff(s)' civil claim (see below)
RETURN DATE AND TIME

12.29.08

DATE ISSUED          [ ] CLERK  [✓] DEPUTY CLERK   [ ] MAGISTRATE

**CLAIM:** Plaintiff(s) claim that Defendant(s) owe Plaintiff(s) a debt in the sum of

$ 6082.53..........net of any credits, with interest at 8.000 % from date of 08/01/2008 until paid,

$ 53.00............costs and $ .Reasonable..... attorney's fees with the basis of this claim being

[X] Open Account [ ] Contract [ ] Note [ ] Other (EXPLAIN)

Non-payment of Condo fees for 5 Canterbury Square Unit 202, Alexandria, VA 22304

HOMESTEAD EXEMPTION WAIVED? [ ] YES    [ ] NO   [X] cannot be demanded

December 16, 2008                                    VSB: 72084
DATE          [ ] PLAINTIFF [X] PLAINTIFF'S ATTORNEY [ ] PLAINTIFF'S EMPLOYEE/AGENT

**CASE DISPOSITION**

JUDGMENT against [ ] named Defendant(s) [ ] ..............................................

for $ ..........................net of any credits, with interest at .............% from date

of ......................until paid, $..............costs and $.....................attorney's fees

HOMESTEAD EXEMPTION WAIVED? [ ] YES [ ] NO [ ] CANNOT BE DEMANDED

[ ] JUDGMENT FOR [ ] NAMED DEFENDANT(S) [ ] ...........................................

[ ] NON-SUIT [ ] DISMISSED ...........................................................

Defendant(s) Present? [ ] YES ..............................................
                        [ ] NO

........................................    ........................................
DATE                                      JUDGE

FORM DC-412 (PAGE ONE OF TWO) 07/04 PDF

---

CASE NO.  GV08 - 7987

Canterbury Square Condominium
PLAINTIFF(S) (LAST NAME, FIRST NAME, MIDDLE INITIAL)
Unit Owners Association

v.

Maria V.F. Sunga
DEFENDANT(S) (LAST NAME, FIRST NAME, MIDDLE INITIAL)
3 Fendall Avenue

Alexandria, VA 22304

**WARRANT IN DEBT**
• • •

TO DEFENDANT: You are not required to appear; however,
if you fail to appear, judgment may be entered against you. See
the additional notice on the reverse about requesting a change
of trial location.
[ ] To dispute this claim, you must appear on the return date to
try this case.
[✓] To dispute this claim, you must appear on the return date
for the judge to set another date for trial.

Bill of Particulars
                              ORDERED        DUE

Grounds of Defense
                              ORDERED        DUE

ATTORNEY FOR PLAINTIFF(S)
Kellie M. L. Budd (703) 790-1911
REES BROOME, P.C.
8133 Leesburg Pike, Ninth Floor
Vienna, Virginia 22182
ATTORNEY FOR DEFENDANT(S)

---

**HEARING DATE
AND TIME**

01/23/2009

1:30 PM

JUDGMENT PAID OR
SATISFIED
PURSUANT TO
ATTACHED NOTICE
OF
SATISFACTION.

........................
DATE

........................
CLERK

**DISABILITY
ACCOMMODATIONS**
for loss of hearing,
vision, mobility, etc.,
contact the court ahead
of time.

**RETURNS: Each defendant was served according to law, as indicated below, unless not found.**

| | | |
|---|---|---|
| NAME .......................................... | NAME .......................................... | NAME .......................................... |
| ADDRESS .................................... | ADDRESS .................................... | ADDRESS .................................... |
| [ ] PERSONAL SERVICE   Tel. No. ............. | [ ] PERSONAL SERVICE   Tel. No. ............. | [ ] PERSONAL SERVICE   Tel. No. ............. |

Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth

[ ] NOT FOUND

SERVING OFFICER _____

.................. for _____
DATE

*(the above block of "Being unable…", "Delivered to family member…", "Posted on front door…", "Served on Secretary…", "NOT FOUND", "SERVING OFFICER", "for", "DATE" is repeated in each of the three columns)*

**OBJECTION TO VENUE:**

To the Defendant(s): If you believe that Plaintiff(s) should have filed this suit in a different city or county, you may file a written request to have the case moved for trial to the general district court of that city or county. To do so, you must do the following:

1. Prepare a written request which contains (a) this court's name, (b) the case number and the "return date" as shown on the other side of this form in the right corner, (c) Plaintiff(s)' name(s) and Defendant(s)' name(s), (d) the phrase "I move to object to venue of this case in this court because" and state the reasons for your objection and also state in which city or county the case should be tried, and (e) your signature and mailing address.

2. File the written request in the clerk's office before the trial date (use the mail at your own risk) or give it to the judge when your case is called on the return date. Also send or deliver a copy to plaintiff.

3. If you mail this request to the court, you will be notified of the judge's decision.

I certify that I mailed a copy of this document to the defendants named therein at the address shown therein on

12/16/08   _Lillie Brold_
DATE
[ ] Plaintiff
[X] Plaintiff's Atty.
[ ] Plaintiff's Agent

Fi. Fa. issued on ..........................................
Interrogatories issued on: ............................
Garnishment issued on ...............................

IN THE GENERAL DISTRICT COURT OF CITY OF ALEXANDRIA

CANTERBURY SQUARE CONDOMINIUM:
UNIT OWNERS ASSOCIATION
c/o REES BROOME, PC                      :
8133 Leesburg Pike, Ninth Floor
Vienna, Virginia 22182                   :

       Plaintiff,                        :

             :

vs.                                      :

MARIA V F SUNGA                          :

       Defendant.                        :

## AFFIDAVIT

COMMONWEALTH OF VIRGINIA        :
FAIRFAX COUNTY to-wit           :

     This day the undersigned, Kellie M. L. Budd, Affiant of the CANTERBURY SQUARE CONDOMINIUM UNIT OWNERS ASSOCIATION, personally appeared before me, the undersigned Notary Public in my jurisdiction aforesaid, and, being duly sworn, stated:

     1.     That she is over the age of 18 years, competent to testify, and cognizant of the accounts of the Plaintiff. Please be advised, we act as debt collectors. This is an attempt to collect a debt and any information obtained will be used for that purpose.

     2.     That to the best of her knowledge and belief the Defendant are indebted to the Plaintiff in the amount of $6082.53, plus costs of $53.00 and 8.000% interest from August 1, 2008 to the date of judgment, and thereafter at 8.000% per annum until paid, by reason of the Defendant's failure to pay condominium assessments, as itemized on the attached account statement and that this amount is justly due.

3.      That the Plaintiff claims reasonable attorney's fees as provided by the Virginia Condominium Act, Article 3, Section 55-79.53, and by the governing documents recorded in Deed Book 1064, at Page 74, among the land records of City of Alexandria, Virginia.

4.      That the property owned by the defendant is located at 3 Fendall Avenue, Alexandria, VA 22304, which is located in City of Alexandria, Virginia; that the cause of action arose in City of Alexandria, and that there are no set-offs or counterclaims.

5.      That pursuant to the provisions of the Servicemembers' Civil Relief Act of 2003, as amended; that she has caused a careful investigation to be made to ascertain whether or not the above-named Defendant is in the military service of the United States; that as a result of said investigation Affiant does herby state, after reasonable inquiry, that:

☑      The defendant is not in any branch of the military service; and further that the Defendant has not received notice of induction or notice to report for military service and Affiant did review and investigate residence addresses for this defendant within the previous ten year period and no addresses indicated to the reasonable person that this person served in the active duty military OR

☐      The Defendant is in the active duty military and is entitled to invoke the 90 day stay permitted under the act OR

☐      The Affiant is unable to determine whether or not the defendant is in the military service

6.      That Affiant is duly authorized to make this affidavit on behalf of Plaintiff.

_Kellie M L Budd_
Kellie M. L. Budd
Virginia State Bar No.: 72084
AFFIANT

Subscribed, Acknowledged and Sworn to before me, the undersigned Notary Public in and for the County of _Fairfax_ , in the Commonwealth of Virginia, this _17th_ day of _December_, 200 _8_ .

_Patricia C. Hernandez_
Notary Public
My commission expires _December 31, 2009_   Registration Number: _____

2

**OWNER: Maria V F Sunga**

## SUIT STATEMENT OF ACCOUNT

| DATE | ASSESSMENT | LATE | INTEREST | TOTAL | NARRATIVE |
|---|---|---|---|---|---|
| | | | | (1.40) | Beginning Balance |
| 08/01/08 | 408.00 | | | 406.60 | |
| 08/13/08 | | 25.00 | 2.57 | 434.17 | |
| 09/01/08 | 424.00 | | | 858.17 | |
| 09/12/08 | | 25.00 | 2.84 | 886.01 | |
| 10/01/08 | 424.00 | | | 1,310.01 | |
| 10/03/08 | 25.00 | | | 1,335.01 | Attorney Turnover Fee |
| 10/15/08 | | 25.00 | 2.84 | 1,362.85 | |
| 11/01/08 | 424.00 | | | 1,786.85 | |
| 11/13/08 | 4,240.00 | | | 6,026.85 | 12/08-9/09 accelerated assments @ $424.00 per month |
| 11/15/08 | | 25.00 | 2.84 | 6,054.69 | |
| 12/15/08 | | 25.00 | 2.84 | 6,082.53 | |
| **TOTAL** | **5,943.60** | **125.00** | **13.93** | **6,082.53** | |

EXHIBIT C

# RB  REES BROOME, PC

-----------ATTORNEYS AT LAW-----------

8133 Leesburg Pike, Ninth Floor
Vienna, Virginia 22182-2706
Phone: (703) 790-1911
Fax: (703) 848-2530
www.reesbroome.com

7430 Heritage Village Plaza, Suite 202
Gainesville, Virginia 20155
Phone: (571) 261-1970
Fax: (571) 261-5873

JOEL M. BIRKEN*
JONATHAN J. BROOME, JR.
JOHN F. BOLAND*
JUAN R. CARDENAS
BRUCE E. TITUS*+
PETER R. PHILBIN+
WILLIAM P. DALY, JR.
ANDREW B. GOLKOW*
SUSAN RICHARDS SALEN*+
MARK P. GRAHAM
TODD A. SINKING*
RICHARD M. WARE, JR.+
LELLA AMISS E. PAPE*+
KIMBERLEY M. O'HALLORAN-CORDRAY+
MARK A. MOORSTEIN*
PATRICK M. VIA
ROBERT J. CUNNINGHAM, JR.

RICHARD J. HREGERT*
URSULA A. KOENIG+
RORY K. NUGENT
LESLIE B. BROWN*+
DOUGLAS B. LEVY*
COURTNEY B. HARDEN
STEPHEN D. CHARNOFF*
ERIK W. FOX
TARA E. WIEDEMAN
TIFFANY L. BURTON+
KELLY C. ZOOK
KELLIE M. L. BUDD
MAUREEN E. CARR*
WINTA MENGISTEAB+*
KATHLEEN N. MACHADO*
LISANDRA E. SANTIAGO+*
ELIZABETH D. CRANSTON
JULIE A. CHASE
MARIAN W. TADROS
DANIEL R. GROPPER, OF COUNSEL*
JAMES K. REES (1941-1986)

* ALSO ADMITTED IN DC
+ ALSO ADMITTED IN MARYLAND
* ALSO ADMITTED IN WEST VIRGINIA
* ALSO ADMITTED TO PATENT BAR

January 9, 2009

VIA FACSIMILE: (301) 251-4081
Anie Weller
Worldwide Settlements
1375 Piccard Drive, Suite 100
Rockville, MD 28050

Re:   Maria V F Sunga
      5 Canterbury Square #202
      Canterbury Square Condominium Unit Owners Association
      RB NO: 3381130.001

Dear Ms. Weiler:

Pursuant to your request, the total amount due on this property to pay all liens and judgments is
$7397.87. This amount consists of:

$6110.37   Assessments through September 2009/late fees through January 2009
$1192.50   Legal Fees
$95.00     Court Costs

This payoff figure is valid through January 31, 2009. If settlement is scheduled to occur after that
date, you must contact this office for an updated payoff figure.

Upon receipt of payment in full, all liens and judgments will be released and marked as satisfied.
Please make all checks payable to Canterbury Square Condominium Unit Owners Association, and send
them to my attention at the Vienna, VA address listed above. Please include the property address and a
copy of the settlement sheet with the payment to insure that the payment is properly credited.

If you have any questions or require additional information, please do not hesitate to contact me.

Sincerely,

REES BROOME, PC

By_____
Ursula A. Koenig