IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Maria V.F. Sunga,               )
                                )
       Plaintiff,               )
                                )
          v.                    )
                                )      1:09cv01119 (JCC)
Rees Broome, P.C.,              )
                                )
       Defendant.               )


# **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Rees
Broome, P.C.'s Motion to Dismiss plaintiff Maria V.F. Sunga's
third amended complaint ("Amended Complaint") for failure to
state a claim pursuant to Federal Rule of Civil Procedure
12(b)(6).  For the following reasons, the Court will grant in
part and deny in part Defendant's Motion.


## **I. Background**

This case consolidates what began as three individual
lawsuits, arising out of three communications sent by Defendant
Rees Broome, P.C. ("Defendant" or "Rees Broome") to Plaintiff
Maria V.F. Sunga ("Plaintiff" or "Sunga") and to other parties
on behalf of Canterbury Square Condominium Unit Owners
Association ("Canterbury Square") regarding homeowners'

association ("HOA") dues Plaintiff alleged owed to Canterbury Square. Plaintiff has filed her Complaint under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA"). Plaintiff is a resident of the City of Alexandria, Virginia. (Am. Compl. ¶ 2.) Defendant is a corporation that operates as a law firm with its office in Virginia. (Am. Compl. ¶ 3.)

The first lawsuit, *Sunga v. Reese Broome, P.C.*, No. 1:09cv1119, was filed on or about October 5, 2009, ("Sunga I") before this Court. In that suit, Plaintiff alleged various violations of the FDCPA stemming from a demand letter sent by Defendant on October 6, 2008 to collect Plaintiff's allegedly delinquent condominium assessments (the "October 6 Letter"). Defendant's motion to dismiss that Complaint was granted on the ground that Plaintiff did not allege sufficient factual allegations in support of her claims and granted Plaintiff leave to amend. Subsequently, Plaintiff filed her Amended Complaint on April 1, 2010 and filed her Second Amended Complaint on June 18, 2010.

The second lawsuit, *Sunga v. Reese Broome, P.C.*, 1:09cv1386, was filed was filed on or about December 18, 2009, ("Sunga II") before Judge Hilton. Sunga II was identical in all respects to the Sunga I, except that it concerned a "warrant in debt" Defendant sent to Plaintiff on or about December 18, 2008 in attempt to collect additional condominium assessments.

The third lawsuit, *Sunga v. Rees Broome*, *P.C.*, No. 1:10cv19 ("Sunga III") was filed on or about January 8, 2010, before Judge Ellis. It concerned a letter Defendant sent on or about January 9, 2009 to Worldwide Settlements, the settlement agent for the sale of Sunga's condominium unit, stating that Plaintiff owed Defendant $6,110.37 for condominium assessments and $1,192.50 for legal fees. After receiving the January 9, 2009 letter, Worldwide Settlements withheld the amounts demanded in the January 9 letter from the proceeds of the sale of Sunga's condominium unit and then paid those amounts to Defendant.

These three lawsuits were consolidated into the present action on July 1, 2010. Plaintiff subsequently filed an amended complaint listing all three allegedly wrongful communications on July 12, 2010. [Dkt. 40.] It is this Amended Complaint the Defendant now moves to dismiss. The allegations in the Amended Complaint are as follows.

The first communication occurred on or about October 6, 2008, Plaintiff, a unit owner in the Canterbury Square Condominium, received a letter from Defendant seeking to collect delinquent HOA assessments and late fees Plaintiff allegedly owed to Canterbury Square. (Am. Compl. ¶¶ 12, 13; Ex. A.) The demand letter states that Sunga owed $ 1335.01 in unpaid assessments and late fees and $225.00 in legal fees--a total of $1,560.01. (Am. Compl. Ex. A.) The statement of account

attached to the demand letter shows that Plaintiff failed to pay her HOA dues from August 1, 2008 to October 3, 2008. (Am. Compl. Ex. A.) This demand letter was the initial communication from Defendant to Plaintiff. (Am. Compl. ¶ 10.)

The second communication occurred on or about December 18, 2008, when Defendant sent Plaintiff a warrant in debt for what it later filed as civil action GV08-7987 in the General District Court for the City of Alexandria. (Am. Compl. ¶¶ 14, 15; Ex. B.) The Warrant in Debt sought to collect $6,082.53 in HOA Dues Plaintiff allegedly owed Canterbury Square, plus $53.00 in costs and 8% interest. (Am. Compl. Ex. B.)

The third communication occurred on or about January 9, 2009, when Defendant sent a letter to Worldwide Settlements, the settlement agent for Plaintiff's condominium sale. (Am. Compl. ¶¶ 17, 18; Ex. C.) That letter stated that Plaintiff owed Canterbury Square $6,110.37 for assessments and $1192.50 for legal fees. (Am. Compl. Ex. C.) After receiving that letter, Worldwide Settlements withheld those amounts from the proceeds of Plaintiff's condominium sale. (Am. Compl. ¶ 19.)

On July 12, 2010, Plaintiff filed an Amended Complaint against Defendant Rees Broome alleging sixteen counts of various FDCPA violations. In the Amended Complaint, Plaintiff sought damages in the amount of $25,000.00 (twenty-five thousand dollars), including statutory damages in the amount of $3,000.00

($1,000 for each of the three actions previously filed) and actual damages, as well as reasonable attorney's fees and costs with pre-judgment interest. [Dkt. 40.] On July 19, 2010, Defendant moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Dkt. 44.] Plaintiff filed her opposition on July 30, 2010 and Defendant replied on August 4, 2010. [Dkt. 45.] Defendant's Motion to Dismiss the Complaint ("MTD") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). In deciding a Rule 12(b)(6) motion to dismiss, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Thus, a court must take "the material allegations of the complaint" as admitted and liberally construe the complaint in favor of a plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels

and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted). Indeed, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id*. at 1965. In its recent decision, *Ashcroft v. Iqbal*, 129 S.Ct 1937 (2009), the Supreme Court expanded upon *Twombly* by articulating the two-pronged analytical approach to be followed in any Rule 12(b)(6) test. First, a court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth. *Id.* at 1951. "[B]are assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice. *Id.* (citations omitted). Second, assuming the veracity of "well-pleaded factual allegations", a court must conduct a "context-specific" analysis drawing on "its judicial experience and common sense" and determine whether the factual allegations "plausibly suggest an entitlement to relief." *Id.* at 1950-51. The plausibility standard requires more than a showing of "a sheer possibility that a defendant has acted unlawfully". *Id.* at 1949. In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

### III. Analysis

Plaintiff filed a sixteen-count Complaint alleging various FDCPA violations against Defendant arising out of the October 6 Letter, the Warrant in Debt, and the January 9 Letter. The Court will address each count in turn.

### A. Consumer Debt Issue

Defendant moves to dismiss the Amended Complaint in its entirety, arguing that Plaintiff fails to prove that the debt at issue is a "consumer debt," as required to pursue an FDCPA claim. A consumer debt is defined as an obligation to pay money arising from a transaction whose subject is primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5). And, critically, the transaction must be undertaken for personal, family, or household use *at the time the debt is incurred*. *Perk v. Worden*, 475 F. Supp. 2d. 565, 569 (E.D. Va. 2007).

Defendant argues that because Plaintiff fails to state that the property was being used as a personal residence (as opposed to being rented out) at the time the alleged FDCPA violations occurred, Plaintiff fails to show a valid consumer debt. (MTD 5.) The Court disagrees. The times the alleged FDCPA violations occurred are not synonymous with the time the debt was incurred. Rather, the obligation to pay HOA fees is incurred at the moment a home is purchased. *Newman v. Boehm,*

*Pearlstein & Bright, Ltd.*, 119 F.3d 477, 481 (7th Cir. 1997) ("[T]he obligation to pay [homeowner's association fees] arose in connection with the purchase of the homes themselves, even if the timing and amount of particular assessments was yet to be determined.").

Plaintiff alleges that she "purchased the property for use as her personal residence and subsequently resided there." (Am. Compl. ¶ 9.) This adequately alleges that, at the time the debts were incurred, Plaintiff intended to make personal use of the property. Plaintiff therefore adequately shows a consumer debt.

## B.    Count I (Violation of 15 U.S.C. § 1692g(a)(4))

Plaintiff alleges that Defendant violated the "notice of debt" provision of the FDCPA, 15 U.S.C. § 1692g(a)(4), by failing to send Plaintiff, either in the initial communication or five days within the initial communication, a written notice stating that Defendant would obtain verification of the debt if Sunga notified Defendant that the debt was disputed. (Am. Compl. ¶¶ 24-25.) The Court dismissed an identical count--Count 1 of the Original Complaint [Dkt. 1]--in its Memorandum Opinion dated March 18, 2010 [Dkt. 14] and Plaintiff concedes that she includes it in her Amended Complaint simply to preserve the claim for appeal. (Am. Compl. ¶ 23.) As the allegations in Count I are identical to the one already dismissed by the Court,

and the Plaintiff has not added any additional factual support,
the Court will grant Defendant's Motion to Dismiss Count I for
the reasons articulated in its March 18, 2010 Memorandum
Opinion. [*see* Dkt. 13.]

### C. Count II (Violation of 15 U.S.C. § 1692e(2)(A))

Plaintiff alleges that Defendant violated 15 U.S.C. §
1692e(2)(a) by claiming $1,335.01 in unpaid assessments and late
fees in the October 6 Letter. Section 1692e(2)(a) prohibits a
debt collector from falsely representing "the character, *amount*,
or legal status of any debt" in connection with the collection
of the debt. (emphasis added). Plaintiff contends that the
claim for $1,335.01 in Defendant's letter was false because it
included an interest payment of $2.57, when, under the
Canterbury Bylaws, the amount should have been $1.16. (Am.
Compl. ¶¶ 29-30.) Defendant responds that Plaintiff relies upon
a daily interest calculation (as opposed to a monthly
calculation) without claiming that the Bylaws require that
interest be calculated daily.

The Court finds Plaintiff's allegations regarding
Defendant's letter sufficient to state a claim. Plaintiff
claims that the Bylaws set interest at a certain percentage
rate, and that Plaintiff was charged improper interest under
that rate. (Am. Compl. ¶ 30.) Indeed Defendant actually admits
that under its view of the correct manner of calculating

interest, the amount charged was incorrect—albeit too low. (MTD 8.) This is sufficient to support a claim that Defendant falsely represented the amount Plaintiff owed in the October 6 Letter.

The Court will therefore deny Defendant's Motion to Dismiss Count II.

### D. Count III (Violation of 15 U.S.C. § 1692e(2)(A))

Plaintiff alleges that Defendant also violated Section 1692e(2)(a) in the October 6 Letter by claiming that Plaintiff failed to pay an assessment of $424.00 on September 1, 2008. As explained above, that Section prohibits false representations regarding the amount of a debt. Plaintiff claims that Defendant's statement in the letter was false because the HOA set the dues for that month at $408.00. (Am. Compl. ¶ 34.) Defendant responds that because Plaintiff fails to quote or attach the bylaws, Plaintiff's claim lacks sufficient factual support. (MTD 9.)

The Court finds Plaintiff's allegations sufficient to state a claim. Plaintiff adequately presents factual allegations that, if proven true, would show the debt assessed to be false. (Am. Compl. ¶¶ 33-34.) Plaintiff need not prove up these allegations through documentary evidence at this stage. *Cf. Expert Janitorial, LLC v. Williams*, No. 3:09-CV-283, 2010 WL 908740, at *9 (E.D. Tenn. Mar. 12, 2010) (refusing to

dismiss where the plaintiff alleged the terms of the relevant contract, the parties, the provision at issue, and the alleged breach, but did not attach the contract itself to its complaint).

The Court will therefore deny Defendant's Motion to Dismiss Count III.

### E.    Count IV (Violation of 15 U.S.C. § 1692e(2)(A))

Plaintiff alleges that the October 6 Letter again violated 15 U.S.C. § 1692e(2)(A) by claiming that a sum of $2.84 was due as interest on September 12, 2008.  As explained above, that Section prohibits false representations regarding the amount of a debt.  Plaintiff claims that the amount assessed was incorrect because it was calculated from the also-allegedly-faulty $424.00 assessment referred to in Count III, and should instead have been counted from the $408.00 sum Plaintiff claims the HOA charged.  (Am. Compl. ¶¶ 37-38.)  Defendant responds that, as in Count III, Plaintiff lacks factual support for her challenge to the $424.00 assessment, and that, as in Count II, Plaintiff improperly calculates its interest amount on a daily (instead of monthly) basis.  (MTD 10.)

The Court finds Plaintiff's allegations sufficient to state a claim.  As explained above regarding Count III, Plaintiff's allegations regarding the $424.00 sum are adequate to survive a motion to dismiss.  And as explained regarding

Count II, Plaintiff's allegations regarding the proper
calculation of interest are also sufficient.  Indeed, as with
Count II, Defendant here again admits that its interest
calculation was indeed incorrect, this time by a penny.  (MTD
10.)  And although the amounts here and elsewhere alleged by
Plaintiff are minute, at least one Circuit has noted that "the
[FDCPA] is 'extraordinarily broad' and must be enforced as
written, even when eminently sensible exceptions are proposed in
the face of an innocent and/or a de minimis violation.  *Frey v.
Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992).

       The Court will therefore deny Defendant's Motion to
Dismiss Count IV.

**F.    Count V (Violation of 15 U.S.C. § 1692e)**

       Plaintiff alleges that the Warrant in Debt violated 15
U.S.C. § 1692e by claiming interest amounts of $2.57 for August
13, 2008, and $2.84 for September 12, October 15, November 15,
and December 15, 2008.  Section 1692e prohibits a debt collector
from using any false, deceptive, or misleading representation in
connection with the collection of any debt, including false
representations regarding the amount of any debt.  15 U.S.C.
1692e(2)(A).  As in Counts II and IV, Plaintiff alleges that the
amounts assessed were incorrect under the 8% interest rate
allegedly set by the Canterbury Bylaws.  (Am. Compl. ¶¶ 41–42.)
Defendant again responds that Plaintiff fails to show that

                                12

Defendant could not have calculated interest on a monthly basis.  (MTD 11.)

The Court finds that Plaintiff's allegations are sufficient to state a claim.  Plaintiff claims that the Bylaws set interest at a certain percentage rate, and that the interest charged on these dates was improper under that rate.  (Am. Compl. ¶ 30.)  The Court will therefore deny Defendant's Motion to Dismiss Count V.

### G.  Count VI (Violation of 15 U.S.C. § 1692e(2)(A))

Plaintiff alleges an additional Section 1692e(2)(A) violation from Defendant's charge of a $25.00 "attorney turnover fee" in its October 6 Letter, Warrant of Debt, and January 9 Letter.  As explained above, Section 1692e(2)(A) prohibits debt collectors from making any false statements regarding the amount of a debt.  Plaintiff claims that the Canterbury Bylaws make no reference to an "attorney turnover fee."  (Am. Compl. ¶¶ 47, 48.)  Defendant responds that Plaintiff lacks factual support for this claim because Plaintiff does not attach the Bylaws and because it does not allege that the HOA had no power to pursue such a fee under "another operative document."  (MTD 11.) Defendant further defends that this amount is *de minimis*.

The Court finds Plaintiff's allegations regarding the $25.00 charge sufficient to state a claim.  As explained regarding Count III, Plaintiff need not attach the Bylaws to

provide adequate factual support for her claims. Nor need she prove the negative that no other document authorizes such a fee. Her factual allegation that "nowhere in the Canterbury Bylaws is there even any reference to an attorney turnover fee" (Am. Compl. ¶ 47) is sufficient to support her claim that the fee was improper. And, as explained regarding Count IV, the FDCPA can apply even to the smallest amounts of money.

The Court will therefore deny Defendant's Motion to Dismiss Count VI.

### H.  Count VII (Violation of 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(2)(B))

Plaintiff alleges violations of Sections 1692e(2)(A) and 1692e(2)(B) from two charges for legal fees, one in the October 6 Letter for $225.00, and another in the January 9 Letter for $1,192.50. Plaintiff alleges that the Canterbury Bylaws only permit the Canterbury HOA to recover legal fees if the HOA is the "prevailing party" in a dispute, and only to the extent awarded by the Court. (Am. Compl. ¶ 52.) Defendant responds that, because the October 9 Letter merely states that the HOA is "entitled to seek" legal fees and "claims" of $225.00, it does not contain any false statements. (MTD 13.)

Section 1692e(2)(A) prohibits debt collectors from making any false statement regarding the amount of a debt. Section 1692e(2)(B) prohibits false representations regarding

"services rendered or compensation which may be lawfully received by a debt collector for the collection of a debt." The Court finds Plaintiff's allegations sufficient to state a claim. Plaintiff adequately alleges that HOA was not entitled to collect legal fees at the time of the letters because of provisions in its Bylaws. (Am. Compl. ¶¶ 50-52.)

Although the language from the October 6 Letter pointed out by Defendants may technically conform with Plaintiff's allegations regarding the Bylaws, that language is followed by numerous other general references to "the debt," "this debt," or, in bold capitalized letters, "AN ATTEMPT TO COLLECT A DEBT," all of which support Plaintiff's reading of the letter as demanding legal fees. (Am. Compl. Ex. A.) Thus, if Defendant was not yet entitled to collect such fees, its attempting to do so could violate both Sections A and B.

Defendant additionally argues that Plaintiff improperly added the § 1692e(2)(A) claim in its Amended Complaint without leave, beyond the statute of limitations. (MTD 12.) This too must fail. As an initial matter, this Court's Order granting Plaintiff leave to file an Amended Complaint contained no restriction on additional claims. [Dkt. 28.] And because the claim added arises out of the same conduct, transaction, or occurrence as set out in the original

pleading, the additional claim relates back to the original

pleading date.  Fed. R. Civ. P. 15(c)(1)(B).

The Court will therefore deny Defendant's Motion to

Dismiss Count VII.

### I.   Count VIII (Violation of 15 U.S.C. § 1692f)

Plaintiff alleges a violation of Section 1692f from

the January 9 Letter, which stated that $1192.50 was due for

legal fees.  As explained in Count VII, Plaintiff claims that

Defendant could not seek legal fees under the Bylaws until the

HOA qualified as a "prevailing party."  (Am. Compl. ¶ 51.)

Defendant responds that Plaintiff fails to provide adequate

factual support for her claim.  (MTD 14.)

Section 1692f prohibits debt collectors from using

"unfair or unconscionable means to collect or attempt to collect

any debt," including attempting to collect an amount not

expressly authorized by the agreement creating the debt.  15

U.S.C. § 1692f(1).  The Court finds Plaintiff's allegations

sufficient to state a claim. As explained earlier, Plaintiff

need not attach the actual Bylaws to support her claims at this

stage.  It is enough, for now, that Plaintiff alleged that the

sum sought in the January 9 Letter was not allowed under the

Bylaws.

The Court will therefore deny Defendant's Motion to

Dismiss Count VIII.

## J.   Count IX (Violation of 15 U.S.C. § 1692e(8))

Plaintiff alleges that Defendant violated Section 1692e(8) by stating, in the October 9 Letter, that "[y]our delinquent credit report may also be reported to the major credit bureaus for inclusion on your credit report."   (Am. Compl. ¶¶ 58-60.)   Section 1692e(8) prohibits debt collectors from "[c]ommunicating or *threatening* to communicate to any person credit information which is known or which should be known to be false. . . ."   (emphasis added).   Plaintiff claims that this statement constituted a *threat* to communicate Plaintiff's credit information that Defendant knew or should have known to be false.   (Am. Compl. ¶¶ 60-61.)   Defendant responds that this claim lacks factual support and that its statement was not a threat because it showed no present intent toward imminent action.   (MTD 14-17.)   The Court finds Plaintiff's allegations sufficient to support this claim.

First, regarding factual support, for reasons already explained, Plaintiff provides adequate support for her claims that she was presented with false debt assessments.

Second, as to whether the statement was a threat, both the law of this Circuit and common sense point towards the affirmative.   Courts in the Fourth Circuit apply a "least sophisticated consumer" standard in evaluating whether a statement is a threat under the FDCPA. *See United States v.*

17

*Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135-36 (4th Cir. 1996).

And, in *Creighton v. Emporia Credit Svcs., Inc.*, 981 F. Supp.

411, 416 (E.D. Va. 1997), the court found an extremely similar

set of statements to constitute a threat.  The statements at

issue there were, "Failure to pay in full when notified *will be*

*just cause* to place this item on your credit report," and

"according to the law, [the negative comment] *may be* reported

for seven years."  *Id.*  These statements show no more intent

towards imminent action than those in this case, yet the court

found them to communicate a clear—and-threatening—message: "pay

us immediately."  *Id.*

  Third, regarding whether Defendant knew or should have

known that the information it allegedly threatened to

communicate was false, Plaintiff's allegations are again

adequate.  Plaintiff argues that, *inter alia*, Defendants had

access to the Canterbury Bylaws and therefore knew or should

have known that its debt assignments did not conform to those

Bylaws.  (Am. Compl. ¶ 61.)

  The Court will therefore deny Defendant's Motion to

Dismiss Count IX.

### K. Counts X, XI, XII, & XIV (Violations of 15 U.S.C. § 1692f(1))

Plaintiff claims that Defendant violated Section 1692f(1)

in its October 9 Letter, January 9 letter, and its subsequent

legal action, by assessing incorrect debts that have been
discussed at length earlier.   Section 1692f(1) prohibits debt
collectors from collecting any amount not expressly authorized
by the agreement creating the debt or permitted by law.
Plaintiff argues that none of these debts were expressly
authorized by the Canterbury bylaws or Virginia state law.
Defendant responds that Section 1692f(1) is limited to claims
that the amounts demanded are not specified in the contract at
all, as opposed to being incorrect.   Defendant also claims that
Plaintiff lacks factual support.

        This Court finds Plaintiff's allegations sufficient to
support the claims.   Plaintiff alleges that, rather than being
expressly authorized by the Canterbury Bylaws, these amounts
directly conflicted with those Bylaws and were not permitted by
any law.   Section 1692f is not limited to "claims that the
amounts demanded are not specified in the contract at all," and
it does not preclude instances were the amounts demanded were
simply incorrect.   *See Alger v. Ganick, O'Brien & Sarin*, 35 F.
Supp. 2d 148, 154 (D. Mass. 1999) ("Attempting to collect [a]
false past due balance . . . by instructing the process server
to notify Alger that he owed this incorrect amount adequately
alleges a violation of section 1692f(1).") (internal quotation
marks omitted).

As to factual support, this Court has already found adequate factual support for the claims that these debt assessments were improper. The Court will therefore deny Defendant's Motion to Dismiss Counts X, XI, XII, and XIV.

### L.    Count XIII (Violation of 15 U.S.C. § 1692e)

Plaintiff claims that Defendant violated Section 1692e through statements in the Warrant in Debt that improperly charged interest upon interest, in violation of the Canterbury Bylaws. (Am. Compl. ¶ 71-72.) As explained earlier, Section 1692e precludes, among other things, falsely representing the amount of a debt. 15 U.S.C. § 1692e(2)(A). Defendant claims that Plaintiff lacks factual support because of Plaintiff's failure to attach or quote from the Bylaws. (MTD 19.) As explained earlier, such support is not necessary to support Plaintiff's claim at this stage. Rather, Plaintiff survives a motion to dismiss by asserting that the Bylaws only permit that interest be charged upon the principal amount of a debt, not the interest. (Am. Compl. ¶ 72.) Because this assertion equates, if true, to the Warrant in Debt containing a false representation of the amount of a debt, this Court will deny Defendant's Motion to Dismiss Count XIII.

### M.    Count XV (Violation of 15 U.S.C. § 1692e)

Plaintiff claims that Defendant violated Section 1692e by indicating in the Warrant in Debt that Plaintiff did not have

a statutory right to protection under the homestead exemption. (Am. Compl. ¶ 79.)  As explained earlier, Section 1692e prohibits false representations in connection with collection of debts.  Virginia's homestead exemption permits "[e]very householder," to exempt up to $5,000 in assets from creditors. Virginia Code § 34-4.  Any resident of Virginia is defined as a householder.  Virginia Code § 34-1.  Therefore, because Plaintiff claimed that, as a resident of Virginia he had a statutory right to protection under Virginia's homestead exemption, Plaintiff's allegations are sufficient to support this claim.  This Court will deny Defendant's Motion to Dismiss Count XV.

### N.    Count XVI (Violation of 15 U.S.C. § 1692e)

Plaintiff claims that Defendant violated Section 1692e by indicating in the January 9 Letter that liens and judgments against the property could only be paid off through a payment of $7,397.87.  (Am. Compl. ¶ 81.)  Section 1692e prohibits false representations in connection with collection of debts. Plaintiff claims Defendant's representation was false because no judgments had been entered as of that date. (Am. Compl. ¶ 81.) Defendant responds that the letter creates no impression that multiple liens and judgments actually existed, and that Plaintiff's claims lack factual support.  (MTD 21.)

The Court finds Plaintiff's allegations sufficient to support this claim. Regarding factual support, Plaintiff attaches the letter and argues that no judgment had been entered as of her receipt of the letter. (Am. Compl. ¶ 81.) Plaintiff need not prove-up the negative that no judgment had in fact been entered.

Regarding the impression created by the letter, the Court disagrees with Defendant's assessment. Recalling the Fourth Circuit's standard of the "least sophisticated consumer," *Nat'l Fin. Servs*, 98 F.3d at 135-36, the letter contains two sentences that might well indicate the current presence of liens and judgments against the property. The first, calling the $7,397.87 sum "the total amount due on this property to pay all liens and judgments," seemingly indicates at least the possibility that liens and judgments currently exist against the property. (Am. Compl. Ex. C.) The second, the statement that, "[u]pon receipt of payment in full, all liens and judgments will be released and marked as satisfied," only amplifies that possibility. (Am. Compl. Ex. C.) As a result, Plaintiff's allegations that these statements are false representations contain sufficient support to survive a motion to dismiss.

This Court will therefore deny Defendant's Motion to Dismiss Count XVI.

### O.   Damages Claim

Plaintiff seeks $25,000.00 including actual and statutory damages, as well as attorney's fees, costs and interest in her Complaint.  Defendant argues that Plaintiff's claim for damages must be "dismissed" for lack of factual support and legal authority.  (MTD. at 21-22.)  The Court finds Defendant's argument somewhat unnecessary at this point of litigation.  Plaintiff may not ultimately be entitled to damages, but she may include a prayer for damages, to the extent that it is not prohibited, in the Complaint.  Thus, the Court will not strike Plaintiff's prayer for relief at this time.

## IV.  Conclusion

For the reasons stated above, the Court will grant Plaintiff's Motion to Dismiss Count I and will deny Plaintiff's Motion to Dismiss Counts II-XVI.

An appropriate order will issue.


_____/s/_____
August 12, 2010                     James C. Cacheris
Alexandria, Virginia     UNITED STATES DISTRICT COURT JUDGE