IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARIA V. F. SUNGA, | ) |
| Plaintiff | ) ) ) |
| v. | ) Civil Action No. 1:09cv1119-JCC/TRJ |
| REES BROOME, P.C., | ) ) ) |
| Defendant. | ) ) |

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION
TO STRIKE INSUFFICIENT DEFENSES

In its repeated motions to dismiss Plaintiff's complaint, Defendant vigorously argued that the complaint should be dismissed because Plaintiff had pled no facts but rather only conclusory allegations. These arguments were, of course, false since Plaintiff had pled sufficient facts in all but one of her counts. Now Defendant's proverbial guns are being turned on it since Defendant in its affirmative defenses has done exactly what it accused Plaintiff of doing and failed to plead facts. While Defendant now argues that a plaintiff, but not the defendant, needs to plead facts, this is nonsense. Accordingly, the motion to strike must be granted so that Defendant can do what Plaintiff was required to do and plead facts.

Defendant's first, second, third, fourth, sixth, ninth, and tenth defenses, which Plaintiff has moved to strike from Defendant's Answer, are insufficient either because they allege no facts or because they fail as a matter of law irrespective of the facts.[1] Just as the absence of factual

---

[1] Defendant's fifth, seventh, and eighth defenses are not truly affirmative defenses because they address only aspects of Plaintiff's prima facie case. Inasmuch as Defendant could raise the allegations presented in those defenses even if it had not pled them, Plaintiff is not moving to strike them because they are simply superfluous.

allegations in a complaint would require that it be dismissed, the lack of factual allegations in support of an affirmative defense renders it inadequate and requires that it be stricken. No reason exists why a plaintiff should be required to plead facts but not the defendant. As the following discussion shows, the first, second, third, fourth, sixth, ninth, and tenth defenses are facially deficient and therefore must be stricken under Fed. R. Civ. P. 12(f).

Plaintiff's Consolidated Complaint in this action alleged various violations of the Fair Debt Collection Practices Act ("FDCPA"). The Court previously denied Defendant's motion to dismiss the complaint for failure to state a claim.

A brief review of the defenses at issue in this motion is helpful. The first defense is the failure to state a claim upon which relief can be granted. Under the second defense, Defendant does little more than borrow the language of 15 U.S.C. § 1692k(c) in alleging that any violation of the FDCPA "was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." The third defense is just as unenlightening and asserts merely that "Plaintiff's claims are barred by the doctrines of waiver and estoppel." The fourth defense states only that the "conduct as alleged in the Consolidated Complaint in no way exemplifies the abusive or unfair behavior Congress had in mind when enacting the FDCPA" The sixth defense displays an equal lack of detail: according to it, "some or all of Plaintiff's alleged injuries or damages resulted from the acts or omissions of third parties, over whom Defendant exercised no control and for whose conduct Defendant is not responsible." The ninth defense (again without elaboration) is that "some or all of the alleged violations resulted from good faith reliance by Defendant on representations made by third parties, including but not limited to Canterbury Square Condominium Unit Owners Association."

The final defense, the tenth, is what Defendant describes without elaboration as the failure of Plaintiff to mitigate her damages.

Under Fed. R. Civ. P. 12(f), "the court may strike from a pleading an insufficient defense." Thus a defense that "would not, under the facts alleged, constitute a valid defense to the action can and should be stricken." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001), cert. denied sub nom. Murphy v. Waste Mgmt. Holdings, Inc., 535 U.S. 904 (2002); see also Federal Deposit Ins. Corp. v. British-Amer. Corp., 744 F. Supp. 116, 117 (E.D.N.C. 1990) (motion to strike "appropriately granted when the defense is clearly insufficient"); Fabrica Italiana Lavorazione Materie Organiche, S.A. v. Kaiser Alum. & Chem. Corp., 684 F.2d 776, 779 (11th Cir. 1982) (standard on motion to strike "is whether as a matter of law the defense asserted . . . was insufficient"). "Affirmative defenses may [also] be insufficient as a matter of law if they fail to meet the general pleading requirements of Fed. R. Civ. P. 8." Meitis v. Park Square Enters., Case No. 6:08-cv-1080-Orl-22GJK, 2009 U.S. Dist. LEXIS 95919 at *7-8 (M.D. Fla. Sept. 24, 2009). "[T]he pleading requirements for complaints and affirmative defenses under Rules 8 and 9 [of the Federal Rules of Civil Procedure] are essentially the same." Id. at *8; accord, Sprint Communs. Co. v. Theglobe.com, Inc., 233 F.R.D. 615, 618 (D. Kans. 2006) (pleading requirements the same for affirmative defenses and counterclaims as for complaints). Two courts in this circuit - one in this district and one in a neighboring district - have recently held that the standard for the pleading of a complaint and the pleading of affirmative defenses is the same. See Francisco v. Verizon South, Inc., Civ. Action No. 3:09cv737, 2010 U.S. Dist. LEXIS 77083 (E.D. Va. Jul. 29, 2010), Bradshaw v. Hilco

Receivables, LLC, Civil Action No. RDB 10-113, 2010 U.S. Dist. LEXIS 75553 (D. Md. Jul. 27, 2010).

The insufficiency of Defendant's statement of its affirmative defenses is easily illustrated by considering the disposition of a complaint that had the same lack of specificity as Defendant's statement of its affirmative defenses. Thus, "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to plead a claim." Walker v. Prince George's County, 575 F.3d 426, 431 (4th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). The plausibility standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), applies as fully to a motion to strike an affirmative defense under Fed. R. Civ. P. 12(f) as it does to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Tracy v. NVR, Inc., 04-cv-64511, 2009 U.S. Dist. LEXIS 90778 at *28 (W.D.N.Y., Sept. 30, 2009), aff'd in relevant part, 667 F. Supp. 2d 244 (W.D.N.Y. 2009). Thus "affirmative defenses that contain only 'bald assertions' unaccompanied by supporting facts will be stricken." Tracy v. NVR, Inc., 2009 U.S. Dist. LEXIS 90778 at *28; accord, Hynix Semiconductor Inc. v. Rambus Inc., No. CV-00-20905 RMW, 2007 U.S. Dist. LEXIS 97677 at *22-23 (N.D. Cal., Nov. 15, 2007) (requirement that pleadings assert sufficient factual allegations to provide fair notice is enforced by striking those pleadings that fail to recite factual allegations that deliver such notice).

Measured against the requirements for stating a claim as to which relief can be granted, the defenses that Plaintiff is moving to strike are insufficient for two reasons. Defendant's second, third, sixth, and tenth defenses are inadequate because they are pled in conclusory terms without the same type of supporting facts necessary to make a complaint plausible under Iqbal

-4-

and Twombly. The first, fourth, and ninth defenses are not legally sustainable regardless of what has been pled.

I.      DEFENSES THAT ARE INSUFFICIENT FOR FAILURE TO PLEAD FACTS

Defendant's second defense does nothing more than parrot the language of 15 U.S.C. § 1692k(c)(3). Section 1692k(c)(3) creates an affirmative defense for which the debt collector has the burden of proof. Reichert v. National Credit Sys., Inc., 531 F.2d 1002, 1005 (9th Cir. 2008). The defense in § 1692k(c)(3) has three elements: lack of intent, bona fide error, and maintenance of reasonable procedures. See Spencer v. Hendersen-Webb, Inc., 81 F. Supp. 2d at 582, 590 (D. Md. 1999).

While Fed. R. Civ. P. 9(b) allows a non-specific general pleading as to intent, that permission does not excuse pleading the other two elements of § 1692k(c)(3). Defendant has not identified the bona fide error mentioned in the First Affirmative Defense, and it has not specified the procedures that it adpted to avoid the error. Instead, the First Affirmative Defense consists of nothing but the statutory language unadorned by facts. Just as a complaint that pled only statutory language would be insufficient, an affirmative defense that alleges nothing more than statutory language is equally deficient. Thus the First Affirmative Defense must be stricken.

Defendant also pleads no facts to support its conclusory allegation of waiver and estoppel in the third defense. The third defense is the paradigmatic example of a conclusory allegation. Waiver is the "intentional relinquishment or abandonment of a known right." Kontrick v. Ryan, 540 U.S. 443, 458 n. 13 (2004). The elements of estoppel are representation, reliance, change of position, and detriment. T v. T, 224 S.E.2d 148, 152 (Va. 1976). Defendant pleads no facts to show how any of the elements of either defense are present at bar. Just as a plaintiff's complaint

would be dismissed if the plaintiff pled nothing more than that "the defendant is laible for negligence" so also the mere assertion of lack of liability is utterly insufficient.

The dearth of facts in support of conclusory allegations also fairly characterizes the sixth defense - that of actions of third parties. The lack of facts for this defense make it as unhelpful as the preceding two defenses. The sixth defense refers to the "acts or omissions of third parties", but fails to plead the facts that constitute such acts or omissions. Defendant also does not mention the identity of the third parties whose conduct or lack thereof might have resulted in damages or injuries to Plaintiff. Finally, Defendant has failed to allege facts showing that it "exercised no control" over the other persons who supposedly injured Plaintiff and "is not responsible" for their conduct. Again, these allegations would be completely insufficient for a plaintiff, and they are no more acceptable for a defendant.

In pleading the tenth defense, Defendant does nothing more than assert that "Plaintiff failed to mitigate her damages." Defendant does not even bother to allege that the failure to mitigate bars Plaintiff's claims. Again, absolutely no facts are pled in support of this defense, and thus it is inadequate as a defense.

II. DEFENSES THAT FAIL AS A MATTER OF LAW IRRESPECTIVE OF THE FACTS

Defendant's first defense - that of failure to state a claim upon which relief can be granted - has already been rejected by the Court through the denial of Defendant's motion to dismiss for failure to state a claim. Defendant is not allowed the proverbial two bites at the apple for this defense.

The fourth defense is also foreclosed by the denial of Defendant's motion to dismiss for failure to state a claim. Defendant has pled in that defense that the conduct alleged in the

complaint "in no way exemplifies the abusive or unfair behavior that Congress had in mind when enacting the FDCPA." In denying Defendant's prior motion to dismiss, the Court necessarily found that Plaintiff had alleged conduct that violated the provisions of the FDCPA. Since the Court has thus determined that the language of the FDCPA prohibited Defendant's conduct (at least as alleged), what Congress might or might not have intended is immaterial. When the language of a statute is unambiguous, resort to legislative history is not permissible. Holland v. Pardee Coal Co., 269 F.3d 424, 432 (4th Cir. 2001), cert. denied, 537 U.S. 1159 (2003). Inasmuch as Defendant does not contend that the statutory language is ambiguous, resort to what it contends Congress intended is not a defense. Thus the Second Affirmative Defense must be stricken.

The Fourth Circuit's decision in Sayyed v. Wolpoff & Abramson, 485 F.2d 226 (4th Cir. 2007), eliminates the ninth defense - that of Defendant's good faith reliance upon representations by third persons. The court in Sayyed made clear that reliance upon what third persons may communicate can be a defense to liability only if it satisfies the requirements of 15 U.S.C. § 1692k(c)(3). 485 F.3d at 235. Since good faith reliance on the representations of others without more does not satisfy the requirements of § 1692k(c)(3) as to lack of intent and reasonable procedures, as a matter of law it cannot defeat Plaintiff's claims and therefore must be stricken as inadequate.

## CONCLUSION

As the preceding discussion demonstrates, the defenses that Plaintiff has moved to strike form Defendant's answer - the first, second, third, fourth, sixth, ninth, and tenth - either lack the factual detail necessary to adequately allege legally viable defenses or the defenses fail as a

matter of law irrespective of the facts. Irrespective of the type of deficiency that defeats the defenses they are inadequate and must be stricken.

Respectfully submitted,

/s/Ernest P. Francis
Ernest P. Francis, VSB No. 27276
epfrancisltd@verizon.net
Attorney for Maria Sunga
ERNEST P. FRANCIS, LTD.
1655 North Fort Myer Drive, Suite 700
Arlington, VA 22209
Telephone (703) 683-5696
Facsimile (703) 683-2785

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY THAT on the 15th day of September, 2010, I will electronically file the foregoing Plaintiff's Brief in Support of Motion to Strike Insufficient Defenses with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Robert E. Draim, VSB#18365
>Attorney for Rees Broome, P.C.
>Hudgins Law Frim
>515 King Street, Suite 400
>Alexandria, VA  22314
>(703) 739-3300
>Fax:  (703) 739-3700

>/s/Ernest P. Francis
>Ernest P. Francis, VSB No. 27276
>epfrancisltd@verizon.net
>Attorney for Maria Sunga
>ERNEST P. FRANCIS, LTD.
>1655 North Fort Myer Drive, Suite 700
>Arlington, VA 22209
>Telephone (703) 683-5696
>Facsimile (703) 683-2785