IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| MARIA V. F. SUNGA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  1:09cv1119-JCC/TRJ |
| | ) | |
| | ) | |
| REES BROOME, P.C. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE INSUFFICIENT DEFENSES**

Defendant Rees Broome, P.C. ("Rees Broome"), by counsel, submits this Memorandum in Opposition to Plaintiff's Motion to Strike Affirmative Defenses.

1. On July 12, 2010, Plaintiff filed her Consolidated Complaint under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), after the Court entered an Order on July 1, 2010, directing Plaintiff to file a Consolidated Complaint that would combine all her claims previously brought in three separate Complaints filed in 1:09cv1119, 1:09cv1386, and 1:10cv0019.

2. Prior to filing the Consolidated Complaint, Plaintiff had amended each of her respective Complaints. Indeed, the Court granted Plaintiff leave to amend her Complaint in the first individual action (1:09cv1119) after the Court dismissed the Complaint on Defendant's motion to dismiss. After Defendant moved to dismiss the First Amended Complaint, Plaintiff moved and was granted leave to amend her Complaint a second time. Plaintiff availed herself of the 21-day period to amend as of right in the other two actions.

3. On July 19, 2010, Defendant filed a motion to dismiss the Consolidated

Complaint, arguing in part that Plaintiff's claims were conclusory and that insufficient facts were alleged to state a claim. By Memorandum Opinion and Order dated August 12, 2010, the Court denied the motion to dismiss with respect to all claims except Count One, finding that Plaintiff's allegations contained sufficient allegations to state a cause of action.

4. On August 23, 2010, Defendant timely filed its Answer, which contained 10 affirmative defenses in addition to responding specifically to the numbered paragraphs of the Consolidated Complaint. On September 15, 2010, Plaintiff filed the subject Motion to Strike, asserting that Defendant had not pled facts in support of seven of its affirmative defenses.

5. Defendant opposes Plaintiff's Motion as premature and contrary to the pleading requirements of the Federal Rules of Civil Procedure and other legal authority. Moreover, "[a] Rule 12(f) motion to strike a defense constitutes 'a drastic remedy which is disfavored by the courts and infrequently granted.'" Banks v. Realty Mgmt. Serv., Inc., No. 1:10cv14, 2010 WL 420037, at *1 (E.D. Va. Jan. 29, 2010) (quoting Clark v. Milam, 152 F.R.D. 6, 71 (S.D. W. Va. 1993)). Plaintiff has also failed to demonstrate that any prejudice results from the affirmative defenses in their current state, as is required for a motion to strike. See e.g., Clark, 152 F.R.D. at 70.

6. Indeed, the Federal Rules of Civil Procedure require only notice pleading unless otherwise specified (*i.e.*, claims of fraud or mistake). There is not a heightened pleading standard for affirmative defenses in the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Virginia. Rather, affirmative defenses are governed by the general rule that pleadings must be "simple, concise and direct." FED. R. CIV. P. 8(d)(1). In responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it" and "affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(b)(1) &

(c)(1). Rule 10(b) requires that defenses be stated in numbered paragraphs. FED. R. CIV. P. 10(b). There are not any rules that require that supporting facts be alleged in the body of a responsive document in support of a defendant's affirmative defenses. Defendant's affirmative defenses meet the pleading requirements of the Federal Rules of Civil Procedure by fairly providing Plaintiff notice of the anticipated defenses.

7. Plaintiff relies upon Magistrate Judge Lauck's Memorandum Opinion in Francisco v. Verizon South, Inc., 3:10cv737, 2009 WL 2990159 (E.D. Va., July 29, 2010) in support of her claim that affirmative defenses must meet the Twombly/Iqbal standard that applies to complaints. However, the Fourth Circuit has not adopted this view and would most likely follow the line of cases from other jurisdictions that have declined to extend the heightened pleading standards of Twombly/Iqbal to affirmative defenses. See Charleswell v. Chase Manhattan Bank, N.A., No. 01-119, 2009 WL 4981730, at *4 (D. V.I. Dec. 8, 2009); Westbrook v. Paragon Sys., Inc., No. 07cv0714, 2007 U.S. Dist. LEXIS 88490, at *1 (S.D. Ala. Nov. 29, 2007); Baum v. Faith Techs., Inc., No. 10cv144, 2010 WL 2365451, at *3 (N.D. Okla. June 9, 2010). Indeed, the Fourth Circuit would likely follow its earlier holding that affirmative defenses are sufficient when they give the plaintiff fair notice of the defense. See Clem v. Corbeau, 98 F. App'x 197, 203 (4th Cir. 2004), available at 2004 WL 906503 (finding that the defendant's answer had "sufficiently encapsulated the elements" of an affirmative defense to have put the plaintiff on notice).

8. Even assuming that a heightened standard of pleading applies to Defendant's affirmative defenses, Defendant has met its burden, in light of the factual allegations in the Consolidated Complaint and Defendant's specific responses to the numbered paragraphs of the Consolidated Complaint. The affirmative defenses cited by Defendant are those that are routinely

asserted in FDCPA cases without any objections by the plaintiff at the pleading stage. Defendant's affirmative defenses of bona fide error, waiver/estoppel, actions of third parties, failure to mitigate, lack of abusive or unfair behavior and good faith reliance on third parties are clearly "plausible" under the circumstances. Even Magistrate Judge Lauck's opinion in Francisco required "only minimal facts establishing plausibility," and gave the defendant leave to amend. Francisco at *8.

9. Plaintiff's Motion should also be denied because the motion is premature given that Plaintiff has an opportunity to explore the grounds for Defendant's affirmative defenses in discovery. To date, Plaintiff has not served any written discovery or taken any depositions. The parties have agreed that Plaintiff need not respond to Defendant's discovery requests until 15 days after the anticipated mediation in this matter. After seeking and obtaining Defendant's agreement to withhold further activity pending the anticipated mediation in the case, Plaintiff has brought this "motion to strike," insisting on Defendant providing factual support for its affirmative defenses. Presumably, Plaintiff filed the subject Motion to gain leverage at the upcoming mediation, increase his attorneys' fees since the FDCPA is a fee-shifting statute and as retaliation for Defendant's motions to dismiss.

10. In the event that this Court rules that additional facts need to be alleged in support of Defendant's affirmative defenses in the body of Defendant's responsive pleading or answer, then Defendant should be afforded leave to amend its affirmative defenses. Although entitled a "motion to strike," Plaintiff's Motion simply requests an amended answer so that "Defendant can do what Plaintiff was required to do and plead facts." See Brief in Support of Motion, p. 1.

11. On September 23, 2010, the undersigned requested that Plaintiff permit Defendant to amend its affirmative defenses. See Exhibit A. At the time of filing this Opposition, Plaintiff

has not responded to this request.

WHEREFORE, Defendant Rees Broome, P.C. respectfully requests that this Court deny Plaintiff's Motion, or in the alternative, Defendant requests that it be afforded an opportunity to amend the seven aforementioned defenses within 15 days after the mediation in this case.

**REES BROOME, P.C.**

By: /s/ Robert E. Draim_____
     Counsel

Robert E. Draim, Esquire (VSB #18635)
Amanda M. Schwartz, Esquire (VSB #77970)
HUDGINS LAW FIRM, P.C.
515 King Street, Suite 400
Alexandria, Virginia 22314
(703) 739-3300 (telephone)
(703) 739-3700 (facsimile)
*Counsel for Rees Broome, P.C*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served via electronic filing this 24th day of September 2010 to:

Ernest P. Francis, Esquire
Ernest P. Francis, LTD.
1655 N. Fort Myer Drive
Ste. 700
Arlington, VA 22209
epfrancisltd@verizon.net
*Counsel for Plaintiff Maria V. F. Sunga*

    /s/ Robert E. Draim_____
    Counsel